

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,246-01

**EX PARTE GLEN EARL NOBLES, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 6780-A  IN THE 273RD DISTRICT COURT
### FROM SABINE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of failing to comply with registration requirements and sentenced to ten years' imprisonment.

Applicant contends that he was not required to register as a sex offender, therefore he was denied due process of law and is actually innocent. He also contends that counsel was ineffective for failing to investigate his duty to register as a sex offender.

Applicant was charged with failing to register with an offense date of May 16, 2012. According to the record, information provided to the District Attorney's office by DPS and TDCJ

indicated that Applicant had a prior conviction for attempted sexual assault, and was required to register in accordance with Chapter 62 of the Code of Criminal Procedure, until January 11, 2014. However, according to Chapter 62.102 of the Texas Code of Criminal Procedure, Applicant had a duty to register as a sex offender for ten years post discharge for a conviction of attempted sexual assault. TEX. CODE CRIM PROC. Art 62.102; TEX. PENAL CODE § 22.01. Therefore, the period during which Applicant was required to register as a sex-offender expired on November 24, 2011. Applicant was no longer required to register as a sex offender after this date.

The State and the trial court both recommend granting relief. Applicant's claim is supported by the habeas record.

Relief is granted. The judgment in Cause No. 6780-A in the 273rd District Court of Sabine County is set aside, and Applicant is remanded to the custody of the Sheriff of Sabine County to answer the charge against him. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Parole Division.

Filed: January 14, 2015
Do not publish